CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

March 24, 2026

LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **LAURIE C. B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No: 7:25-cv-00116** |
| **v.** | ) | |
| | ) | |
| **FRANK J. BISIGNANO,** | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

This social security disability appeal was referred to the Honorable C. Kailani Memmer,

United States Magistrate Judge, for proposed findings of fact and a recommended disposition

pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation

("R&R") on December 31, 2025, recommending that this court affirm the Commissioner's final

decision. Dkt. 18. Plaintiff filed objections to the R&R and this matter is now ripe for

consideration.  I overrule plaintiff's objections and adopt the magistrate judge's R&R in its

entirety.

### I.      BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

### II.      DISCUSSION

#### A.  Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C.

§ 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings

or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454,

460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to

trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 587 U.S. at 103 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v.*

*Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589).  However, a

reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858

F.3d 858, 870 (4th Cir. 2017).

### B.  Analysis

Plaintiff objects to the following aspects of the R&R:

1) The R&R erred in concluding that the ALJ properly considered the evidence and provided a logical explanation supporting his conclusion that plaintiff's left hip pain is non-severe.

2) The R&R erred in concluding that the ALJ's finding that all impairments, other than those discussed previously in the decision, are either non-severe or not medically determinable, is not an overly broad conclusion.

3) The R&R erred in concluding that the ALJ built an accurate and logical bridge between the evidence and the RFC determination, specifically whether the plaintiff's severe impairment of chronic fatigue would require frequent breaks or absences, and how often those would occur.

4) The R&R erred in concluding that the ALJ's RFC finding that plaintiff could "perform a full range of work at all exertional levels" equals a finding that plaintiff could perform full-time work.

5) The R&R erred in concluding that the ALJ's assessment of plaintiff's physical impairments and RFC are supported by substantial evidence.

6) The R&R erred in concluding that substantial evidence supports the ALJ's assessment of plaintiff's mental impairments.

7) The R&R erred in concluding the ALJ provided a logical bridge between the evidence cited and the ALJ's conclusions regarding plaintiff's mental impairments, including because the ALJ did not consider the extent to which plaintiff actually performed the activities cited by the ALJ or explain how the activities he cited supported his conclusions.

8) The R&R erred in concluding that the ALJ appropriately determined plaintiff's mental limitations in the RFC analysis, including because the ALJ cherry-picked evidence to support the RFC findings and failed to comprehensively review the record evidence. Specifically, the R&R erred in determining that the ALJ's conclusion that plaintiff's symptoms generally improved when she took her mental health medications was supported by the record.

9) The R&R erred in concluding that plaintiff's case was distinguishable from *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) and also erred in concluding that the ALJ's finding that plaintiff's treatment was largely conservative is supported by substantial evidence. The plaintiff argues that her frequency of appointments with mental health professionals, three inpatient psychiatric hospitalizations, and "near constant" changes to her medications does not constitute routine and conservative medical treatment.

10) The R&R erred in concluding that the ALJ adequately explained how the RFC accommodates plaintiff's moderate limitations in maintaining pace, interacting with others, and adapting and managing herself. Relatedly, the R&R failed to acknowledge that the daily activities cited by the ALJ to support the RFC findings do not show that plaintiff can perform full-time work activities.

11) The R&R erred in concluding the ALJ correctly applied SSR 13-2p, including because the ALJ inappropriately discounted the impact of plaintiff's multiple substance-abuse impairments by failing to properly consider them in the determination of disability.

12) The R&R erred in concluding the ALJ properly evaluated the opinion evidence from state agency physicians Dr. Saxby and Dr. Leizer.

13) The R&R erred in concluding the ALJ's assessment of plaintiff's subjective allegations, including that plaintiff's allegations were inconsistent with the record, is supported by substantial evidence.

14) The R&R erred in concluding plaintiff's case is distinguishable from cases plaintiff cited holding that performing daily activities is different from working. The ALJ failed to acknowledge the extent to which plaintiff actually performed the activities the ALJ cited to support his assessment of plaintiff's allegations, or the assistance the plaintiff received from others.

I have conducted a careful de novo review of plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

1.  Plaintiff's Objections to the R&R, Dkt.19, are **DENIED**;

2.  The Magistrate Judge's Report and Recommendation, Dkt. 18, is fully **ACCEPTED** and **ADOPTED**;

3.  The decision of the Commissioner is **AFFIRMED**; and

4.  A separate final judgment will be entered.

Entered:  March 24, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge